UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                          CASE NO. 8:18-cv-1003-T-23TGW

DIANE J. HARRISON, et al.,

    Defendants.
_____/

## ORDER

The Securities and Exchange Commission sues (Doc. 1) Diane Harrison and Michael Daniels for violating federal securities laws by organizing a securities fraud scheme. Appending proposed judgments (Docs. 139-2, 139-4), the SEC moves unopposed (Doc. 139) for permanent injunctions and other relief as to both Diane Harrison and Michael Daniels.

In particular, the SEC moves for entry of judgment (1) which permanently enjoins both Daniels and Harrison from violating securities laws; (2) which permanently enjoins both Daniels and Harrison from serving as either an officer or director of any issuer that has a class of registered securities under Section 12 of the

Exchange Act[1]; (3) which enjoins Harrison from rendering legal services related to the offer or sale of securities to any person or entity; (4) which enjoins Daniels and Harrison from issuing a penny stock; (5) which notes the possibility of both Daniels' and Harrison's disgorging "ill-gotten gains"; and (6) which, under 11 U.S.C. § 523(a)(19), characterizes as a "debt" any disgorgement, prejudgment interest, or civil penalty "entered in connection with this proceeding."  Without admitting or denying the complaint's allegations, Daniels and Harrison consent (Docs. 139-1, 139-3) to the entry of judgment against them and for the SEC.  The SEC reports that after each entry of judgment, "the only issues remaining for . . . determination against both Defendants will be whether to impose disgorgement, prejudgment interest, and civil penalties against Daniels and Harrison, and the amounts."[2]  (Doc. 139 at 2)

Although advantageous to the SEC, "obey-the-law" injunctions (1) amount to a court order rendering doubly unlawful that which is already unlawful and (2) add the court's contempt power to the enforcement of the securities laws.  However, according to established principles of due process, an injunction must "clearly let [the] defendant know what he is ordered to do or not to do."  *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 984–85 (11th Cir. 1985).  As explained in an earlier

---

[1] Also, the proposed judgment enjoins both Daniels and Harrison from serving as either an officer or director of any issuer for which Section 15(d) of the Exchange Act requires the issuer to submit reports.

[2] The SEC moves (Doc. 140) in a separate paper for entry of final judgments. A later order will resolve the motion (Doc. 140).

- 2 -

order (Doc. 59), which order addresses in this action the problem of an "obey-the-law" injunction, the injunction "must permit the court to fully and promptly determine whether any challenged conduct is prohibited and whether the injunction sufficiently notified a person against whom a party seeks contempt."

Further, the Eleventh Circuit prohibits vague and expansive injunctions requiring the defendant to "obey the law" and cautions against broadly enjoining violation of Section 10(b) of the Exchange Act. *S.E.C. v. Goble*, 682 F.3d 934, 951 (11th Cir. 2012). In other words, a proposed injunction should avoid duplicating a statutory or regulatory obligation. Accordingly, the motion (Doc. 139) is **GRANTED** as follows:

## I.
## SECTION 17(a) OF THE SECURITIES ACT

Both Harrison and Daniels, their agents, servants, employees, attorneys, and all persons in active concert or participation, are permanently enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. §77q(a), by:

> (A) creating a false appearance or deceiving any person about the price or trading market for any security; or
>
> (B) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to an investor's or prospective investor's decision to buy or sell securities of any company.

## II.
## SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT

Both Harrison and Daniels, their agents, servants, employees, attorneys, and all persons in active concert or participation, are permanently enjoined from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by:

> (A) creating a false appearance or deceiving any person about the price or trading market for any security; or

> (B) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to an investor's or prospective investor's decision to buy or sell securities of any company.

## III.
## SECTION 9(a) OF THE EXCHANGE ACT

Daniels, his agents, servants, employees, attorneys, and all persons in active concert or participation, are permanently enjoined from violating Section 9(a) of the Exchange Act, 15 U.S.C. § 78i(a), by using in connection with the purchase or sale of any security any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to:

> (A) enter for the purpose of creating a false or misleading appearance with respect to the market for the security any order for the purchase or sale of a security knowing that an order or orders for purchase or sale of substantially the same size of the security has been or will be entered by or

for the same or different parties at substantially the same time and price; or

(B) effect, alone or with one or more other persons, a series of transactions in securities raising or depressing the price of those securities or otherwise creating actual or apparent active trading in those securities for the purpose of inducing the purchase or sale of those securities by others.

## IV.
## AIDING AND ABETTING VIOLATIONS OF SECTIONS 13(a) and RULES 12b-20, 13a-1, 13a-11, and 13a-13 OF THE EXCHANGE ACT OF 1934

Both Harrison and Daniels, their agents, servants, employees, attorneys, and all persons in active concert or participation, are permanently enjoined from violating Section 13(a) and Rules 12b20, 13a-l, 13a-ll and 13a-13 of the Exchange Act [15 U.S.C. § 78m(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-l, 240.13a-11 and 240.13a-13], by knowingly providing substantial assistance to:

an issuer that fails to file accurate current quarterly and annual reports in conformity with the Commission's rules and regulations, or that fails to include in its annual or quarterly reports material information as may be necessary to make the required statements, in light of the circumstances in which they are made, not misleading.

## IV.
## AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT RULE 13a-14

Both Harrison and Daniels, their agents, servants, employees, attorneys, and all persons in active concert or participation, are permanently enjoined from violating Exchange Act Rule 13a-14, by:

improperly certifying in any periodic reports filed with the

> Commission that to the best of his knowledge such reports contain no untrue statements of material fact or omissions of material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

## V.
## PENNY STOCK BAR

Both Harrison and Daniels are permanently prohibited from participating in an offering of penny stock. Both Harrison and Daniels must not engage in activities with a broker, dealer, or issuer for purposes of issuing, trading, inducing, or attempting to induce the purchase or sale of any penny stock.

## VI.
## OFFICER-AND-DIRECTOR BAR

Both Harrison and Daniels are prohibited from acting as an officer or director of any issuer that must register securities pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or must file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VII.
## DISGORGEMENT AND CIVIL PENALTY

Both Harrison and Daniels must pay disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Upon motion by the Commission, the court must determine the disgorgement and civil penalty. Prejudgment interest will accrue from August 31,

2014, based on the interest rate used by the Internal Revenue Service for the underpayment of federal income tax as stated in 26 U.S.C. § 6621(a)(2).

In connection with the Commission's motion for disgorgement and civil penalties and, in accord with their consent, Harrison and Daniels may neither argue that they did not violate the federal securities laws as alleged in the complaint nor challenge the validity of their consent or this final judgment. In connection with the Commission's motion for disgorgement and civil penalties, the parties can conduct discovery, including discovery from appropriate non-parties.

## VIII.
## BANKRUPTCY NONDISCHARGEABILITY

Exclusively for purposes of the exceptions to discharge under 11 U.S.C. § 523, the allegations in the complaint are true and admitted by both Harrison and Daniels. Any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Harrison and Daniels under this final judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this action is a debt for Harrison and Daniels' violation of the federal securities laws or any regulation or order issued under such laws, as stated in 11 U.S.C. § 523(a)(19).

## IX.
## INCORPORATION OF CONSENT

Harrison and Daniels' consent (Doc. 17-1) is fully incorporated. Harrison and Daniels will comply with all agreements and requirements in their consent.

## X.
## CONDUCT-BASED INJUNCTION

Harrison is permanently enjoined from providing, or receiving compensation for the provision of, professional legal services to any person or entity in connection with the offer or sale of securities in accord with, or claiming an exemption under, Section 4(a)(1) predicated on Securities Act Rule 144, or any other exemption from the registration provisions of the Securities Act, including participating in the preparation or issuance of any opinion letter relating to such offering or sale.

## XI.
## CONCLUSION

The court retains jurisdiction to enforce the injunctive provisions of this order. The clerk is directed to enter judgment for the Securities and Exchange Commission and against Harrison or Daniels on each count in which Harrison or Daniels respectively appear. That is, the clerk is directed to enter judgment (1) for the SEC and against Harrison on counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XVII, XVIII, XIX, XX; and (2) for the SEC and against Daniels on counts I, II,

III, IV, V, VI, XIII, XV, XVIII, XIX, XX.  The clerk is directed to

**ADMINISTRATIVELY CLOSE** the case against Harrison and Daniels.

ORDERED in Tampa, Florida, on June 16, 2020.

                                                                          STEVEN D. MERRYDAY
                                                         UNITED STATES DISTRICT JUDGE