UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-cv-1003-T-23GW

SECURITIES AND EXCHANGE COMMISSION, )
)
      Plaintiff, )
)
v. )
)
DIANE J. HARRISON, MICHAEL J. DANIELS, )
and CATHERINE A. BRADAICK-ZOLLA, )
)
      Defendants, )
)
and )
)
5 DOGS, INC., )
)
      Relief Defendant. )
_____ )

### DEFENDANT'S RESPONSE TO THE PLAINTIFF'S NOTICE OF DISMISSAL OF DISGORGEMENT AND PREJUDGMENT INTEREST CLAIMS

Michael J. Daniels Party in Proper Person in the above captioned case files this Response to the Plaintiff's Motion For Dismissal of Disgorgement and Prejudgment Interest Claim.

Plaintiff is correctly seeking Dismissal of disgorgement claims with the Court. The request for dismissal does not go far enough though.

The sections of the 15 USC 77t(d) and 15 USC78u(d)(3) are unconstitutional. Laws that are going to deprive a defendant of money must be

clear enough to define the elements of the law and clear enough for a defendant to be able to provide a defense. Both sections fail to meet the criteria. Further, the application of those sections are used by the Plaintiff in an arbitrary and capricious manner thereby depriving the Defendant of the ability to defend. Radically inconsistent interpretations of a statute by an agency, relied upon in good faith by the public, do not command the usual measure of deference to agency action. . Under the APA, federal agencies must engage in reasoned decisionmaking. In considering the narrow standard of review available under the APA, the U.S. Supreme Court has made clear that decisions by agencies must be based on sound policies.

The Plaintiff has shown a lack of sound policies on applying civil penalties under both 15 USC 77t(d) and 15 USC78u(d)(3). A Harvard Law School Forum on Corporate Governance found that Administrative law judges hearing cases could not agree on how to apply either section. The article issued in January of 2016 found that there was a large disparity in how the civil penalties under both sections were applied by the ALJ's hearing cases at the S.E.C. If the administrative law judges cannot agree on how to apply these sections how is a defendant able to prepare a defense.

The United States Supreme Court has made it clear that courts must consider the totality of the facts in evidence when considering civil penalties. (Timbs v Indiana)

Plaintiff begged the court to consider issuing its order and to consider the sum of $3650 Plaintiff argued the Defendant benefited from prior to 2013. Clearly outside the statute of limitations and was legally earned by the Defendant. Lacking any proof that the public was not harmed under any circumstance civil penalties are not appropriate,

Plaintiff brought this action knowing that at no time did the Defendant do anything that harmed the general public at large. The court is allowed to consider the fact that the Plaintiff has failed to provide any proof the allegations in the complaint were true and accurate.

Assessing any civil penalty is not appropriate given the Defendant has a negative net worth. It is settled law that civil penalties must be in line with the harm done to the public. In this case there was none.

The Defendant owns no real property consisting of real estate, automobiles, motorcycles, trucks, recreational vehicles, boats or aircraft. The Defendant has no stock, bonds, certificates of deposit or any other financial instruments. The Defendant has no savings accounts or retirement accounts of any type. Other than his personal items such as clothing the only asset of the Defendant is a five (5) year old bicycle. The Defendant receives social security as his sole income. After fifteen percent (15%) is deducted by the Treasury Department for student loans he receives approximately $870 per month. Given the Defendant has heart problems;

lung issues; and a paralyzed left vocal chord that cause the Defendant to not be able to speak most of the time he is extremely hampered in his ability to obtain work. The only health insurance the Defendant has is Medicare.

WHEREFORE, the Defendant Michael J. Daniels, Party in Proper Person requests the Court issue the following relief:

All forms of financial penalties requested by the Plaintiff be denied and if any is awarded a stay order issued while the Defendant files an appeal;

The Plaintiff be required to pay the Defendant the sum of $300,000 for the tortious interference in a business relationship by Cook et al;

The sum of $496.00 Plaintiff failed to pay the Defendant for attending the deposition in Miami in July of 2018 along with $46.00 in interest;

The Court censure Cook et al for the malicious prosecution of a case where they knew that all financial penalties were covered by the statute limitations Section 2462;

Recission of orders against any defendant in the action where disgorgement was ordered:

Such other relief as deemed appropriate against the plaintiff and its employees and agents.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Response: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the pleading otherwise complieswith the requirements of Rule 11.

August 27, 2020

Submitted by,

By: *Michael J. Daniels* (signature)
Michael J. Daniels
Party in Proper Person
6719 Bobby Jones Court
Palmetto, Florida 34221
Phone: 941.723.7564

## CERTIFICATE OF SERVICE

A true and correct copy of the above Motion has been sent to Robert K. Levenson, Attorney 801 Brickell Avenue, Suite 1800 Miami, FL 33131 and the Defendant Diane Harrison at diane@harrisonlawpa.com on August 27, 2020.

By: *Michael J. Daniels* (signature)
Michael J. Daniels
Party in Proper Person
6719 Bobby Jones Court
Palmetto, Florida 34221
Phone: 941.723.7564